United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Acquamoda S.A.S. and those similarly situated, Plaintiff, <br><br> v. <br><br> Miami Swim Week LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 19-21683-Civ-Scola <br> ) <br> ) |

### Order Requiring Amended Complaint or Notice

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court is uncertain whether it has diversity jurisdiction over this action.

A party seeking to invoke a federal court's diversity jurisdiction must allege "facts" that show that federal-subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.* Plaintiff Acquamoda S.A.S.'s complaint's jurisdictional allegations are deficient with respect to its claim that the Court has jurisdiction over this case as a result of the parties' diversity.[1]

To begin with, in the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. *Id.* Here, Acquamoda states that Defendant Miami Swim Week LLC is a limited liability company. However, Acquamoda does not list either the members of the LLC or the LLC members' respective citizenships. (Compl. ¶ 15, ECF No. 1, 3.) Instead, Acquamoda merely recites that "Miami Swim Week LLC is a Florida Limited Liability Company with its principal place of business in New Orleans, L[o]uisiana." (*Id.*) These allegations are inadequate and leave the Court unable to assess this party's citizenship.

---

[1] Acquamoda also claims jurisdiction under federal-question jurisdiction and its attendant supplemental jurisdiction. In the event that the federal claims in this case are dismissed, the Court seeks to assure itself of its jurisdiction over any remaining state claims.

Further, Acquamoda alleges it "is a simplified stock corporation registered and doing business in Bogota, Colombia." (*Id.* at ¶ 13.) However, from the face of the complaint, the Court is unable to determine whether this foreign "simplified stock corporation" should, for citizenship purposes, be treated like a corporation, proprietorship, partnership, or some other entity entirely. Acquamoda must explain what business form this entity is equivalent to in the United States and then set forth its citizenship accordingly.

Lastly, Acquamoda is forewarned that it may not allege jurisdictional facts only "upon information and belief." Acquamoda's beliefs as to a party's citizenship will not qualify as "facts" establishing jurisdiction. *See generally*, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) (reminding district courts that they must "make sure parties satisfy the requirements of diversity jurisdiction [and] be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century").

In sum, based on the allegations in the complaint, the Court is unable to ascertain whether complete diversity exists. Accordingly, to the extent Acquamoda seeks to premise jurisdiction on diversity, it must file an amended complaint which adequately alleges federal-subject-matter jurisdiction by **May 17, 2019**. If Acquamoda seeks to proceed only on the basis of federal-question jurisdiction, it must notify the Court immediately of its intent. If Acquamoda fails to do either, the Court will strike Acquamoda's diversity-jurisdiction allegations.

**Done and ordered**, at Miami, Florida, on May 7, 2019.

_____
Robert N. Scola, Jr.
United States District Judge